UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL JOSEPH CORMIER**<br>    **LA. DOC #280108**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-2423**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Joseph Cormier, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 1, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated in the Franklin Parish Detention Center (FPDC) and complains that he is receiving inadequate medical care. He sued Warden Chad Lee, former head nurse Susan Choats, and current head nurse Sonya Smith but asked only for the Court to appoint "someone" to represent him in his lawsuit if the Court should find fault, and to seize all his medical records from the medical department, from Dr. Charles Reed's home and office, from the E.A. Conway Hospital and eye clinic and the IHS Pharmacy in Alabama. He also wants the seizure of the records from the Natureplex Co., in Mississippi and, finally, he requests another diagnosis and a polygraph examination of the plaintiff by the F.B.I. [Doc. 1, ¶ V, pp. 27-29[1]]

This matter has been referred to the undersigned for review, report, and recommendation

---

[1] The relief requested is not typically available or even appropriate in a prisoner civil rights suit. Nevertheless, since dismissal is hereinafter recommended on other grounds, petitioner need not be afforded an opportunity to amend the prayer of his complaint to seek more appropriate remedies.

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On August 1, 2014, plaintiff filed a civil rights complaint with hand-written attachments totaling 29 pages along with 58 pages of grievances, medical requests, and responses from the FPDC administration.

According to plaintiff, he has been incarcerated at FPDC for over 10 years and throughout has suffered from chronic constipation and hemorrhoids. According to the pleadings and exhibits, as far back as 2010 and continuing to the recent past, plaintiff was examined by a local physician, Dr. Reed, by physicians at the nearby E.A. Conway Hospital, and by health care professionals at the FPDC. Throughout this time plaintiff was provided with various medications for both complained of conditions.[2] That fact is supported by over 50 pages of grievances and the corresponding responses of FPDC's administrators. Throughout, plaintiff complained of the medication provided but on each occasion it appears that the medication he demanded had been discontinued or could not be procured and in each instance he was provided an appropriate and medically recognized alternative treatment. [Doc. 1-1, pp. 1-58]

---

[2] Plaintiff provided a hand-written supplement to his claims consisting of over 20 hand-written pages which chronicle in minute detail his constipation and hemorrhoid problems from 2010 to the present. A careful reading of that complaint indicates that plaintiff was examined and treated by a local physician, Dr. Reed, as well as physicians at the E.A. Conway Hospital and health care professionals at the FPDC. Throughout the period in question, it appears that plaintiff was provided medication or treatment for both ailments. It appears, however, that plaintiff continuously disagreed with the health care professionals with regard to the efficacy of the medication provided to him. He also complained that when he recently requested an appointment to obtain new eye glasses, he was advised that it would cost $65. [Doc. 1, pp. 4-26]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He implies that health care professionals and prison administrators at the FPDC violated his Eighth Amendment right to be free from cruel and unusual punishment over the course of several years by failing to provide appropriate medication to resolve issues of constipation and hemorrhoids.

The constitutional right of a convicted prisoner to appropriate medical care is indeed

based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals who were responsible for his care and treatment. Plaintiff disagrees with the conclusions and treatment options offered by the FPDC medical staff; however, his disagreement with the health care professionals' treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). While plaintiff has alleged that he is experiencing substantial harm as a result of the various medication substitutions, he offers only his conclusory opinions to

substantiate that claim. In other words, his medical care complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 2, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**